UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 3:12-CR-90 |
| v. | ) |
| | ) JUDGE VARLAN |
| PAULYNN WRIGHT | ) |

**PLEA AGREEMENT**

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Paulynn Wright, and the defendant's attorney, Christopher S. Irwin, have agreed upon the following:

1. The defendant will plead guilty to the following count in the indictment:

    a) Count Two. Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349.

    The punishment for this offense is as follows. Imprisonment for a period of up to 20 years, a fine of up to $250,000, a period of supervised release of up to three years, forfeiture and restitution in accordance with law, and a $100 statutory assessment.

2. In consideration of the defendant's guilty plea, the United States agrees to move the Court at the time of sentencing to dismiss any remaining counts against the defendant in this indictment.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crime charged. The defendant is pleading guilty because the defendant is in fact guilty. In order to be guilty, the defendant agrees that each of the following elements of the crime must be proved beyond a reasonable doubt:

Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349

That the defendant,

(1) Knowingly combined, conspired, confederated or agreed with others,

(2) To commit offenses against the United States, including violations of Title 18 United States Code, Section 1343 (wire fraud).

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

a) Between 2008 and 2012, the defendant was employed as a loan officer and was employed by several mortgage companies in Knoxville.

b) Acting in concert with Joyce Allen, Kay Thomas and Dona Rector, the defendant knowingly caused false information to be provided by means of wire transmission in interstate commerce, *i.e.*, through the Internet, for the purpose of obtaining mortgage financing.

c) Specifically, in September of 2008, the defendant obtained a mortgage loan by providing false information to a lender. The false information consisted of an asset verification letter that Dona Rector, at the behest of the defendant, obtained from Joyce Allen. The asset verification letter falsely stated that the defendant had an investment with Benchmark Capital in the amount that Dona Rector has previously determined that the defendant would need in order to qualify for the loan. In truth and in fact, and as known to

2

the defendant, Dona Rector, Kay Thomas, and Joyce Allen, the defendant did not actually have an investment with Benchmark Capital of any amount.

      d)      The asset verification letter, which contained false information, was prepared using information that Dona Rector provided to Joyce Allen by emailing it to Kay Thomas on September 15, 2008. The asset verification letter was then contained in a mortgage financing application that was provided to a lender and was used for the purpose of obtaining mortgage financing in the amount of $128,306.

      e)      In accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties agree that the United States will recommend that the following provisions of the United States Sentencing Guidelines be applied in determining the defendant's sentence: § 2B1.1(a)(1) [base offense level]; § 2B1.1(b)(F) [loss amount more than $120,000]; § 3B1.3 [abuse of position of trust]; § 3B1.2 [that the defendant's conduct falls between that of a "minimal participant" under § 3B1.2(a) and a "minor participant" under § 3B1.2(b)]. Except as set forth herein, the parties are unaware of any additional sentencing enhancement that would be applicable to the defendant's conduct.

5.      The defendant understands that by pleading guilty the defendant is giving up several rights, including:

      a)      the right to plead not guilty;

      b)      the right to a speedy and public trial by jury;

      c)      the right to assistance of counsel at trial;

      d)      the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

      e)      the right to confront and cross-examine witnesses against the defendant;

3

    f)  the right to testify on one's own behalf, to present evidence in opposition to the charges and to compel the attendance of witnesses; and

    g)  the right not to testify and to have that choice not used against the defendant.

  6.  The parties agree that the appropriate disposition of this case would be the following as to each count:

    a)  The Court may impose any lawful term of imprisonment, any lawful fine, and any lawful term of supervised release up to the statutory maximum;

    b)  The Court will impose special assessment fees as required by law; and

    c)  The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea. The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

  7.  Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move,

at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offenses, including violations of conditions of release or the commission of additional offenses prior to sentencing, the United States will be free not to make such motion or to withdraw such motion if already made, and will be free to recommend to the Court that the defendant not receive any offense level reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8. The defendant agrees to pay the special assessment in this case prior to sentencing.

9. Unless otherwise limited by an agreed preliminary order of forfeiture, the defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture as proceeds of the defendant's criminal activities in violation of 18 U.S.C. § 1349, which are in the possession or control of the defendant or the defendant's nominees. The defendant further agrees to assist the United States fully in the identification, recovery, and return to the United States of any assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those which are held or controlled by a nominee. The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees not to object to any civil or criminal forfeiture brought against these properties. The defendant agrees to take all such steps to locate such property and to pass title to the United States before the defendant's sentencing.

10. The defendant agrees that the court shall order restitution, pursuant to any applicable provision of law.

11. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amounts shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

    a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

b)     The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c)     If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

12.    a)     In consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense committed, the defendant agrees not to file a direct appeal of the defendant's conviction or sentence except the defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the district court or above any mandatory minimum sentence deemed applicable by the district court, whichever is greater.

b)     In addition, the defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the defendant's conviction(s) and/or resulting sentence. The parties agree that the defendant retains the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment.

13.    This agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement in any way (including but not limited to failing to enter a guilty pleas as agreed herein, moving to withdraw the guilty pleas after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States

7

will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea in this case.

14. The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. If additional terms are included in the Supplement, they are hereby fully incorporated herein.

15. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge, and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea

8

agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

WILLIAM C. KILLIAN
UNITED STATES ATTORNEY

_6/30/2014_
Date

By: _____
Frank M. Dale, Jr.
Assistant United States Attorney

_6/26/14_
Date

_____
Paulynn Wright
Defendant

_6/26/14_
Date

_____
Christopher S. Irwin
Attorney for the Defendant

9